UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3508 PA (KSx) | Date | June 20, 2025 |
|---|---|---|---|
| Title | Tony Nguyen v. Chubb Insurance Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    The Court is in receipt of the Response to the Court's Order to Show Cause filed by plaintiff Tony Nguyen ("Plaintiff"). Plaintiff is appearing pro se. The Court issued its Order to Show Cause on May 30, 2025, after reviewing the Second Amended Complaint filed by Plaintiff. Like his original and First Amended Complaint, Plaintiff's 2nd AC asserts claims for negligence and breach of contract arising out of injuries Plaintiff suffered while entering a taxi cab in Vietnam, and names as defendants Le Van Suong, the driver of the taxi cab, Grab Company LLC and Grab Holdings Singapore, which appear to be entities that may have operated the taxi cab, and Chubb Insurance Corporation. The Court, on April 24, 2025, dismissed Plaintiff's original Complaint with leave to amend because it did not adequately allege a basis for the Court's subject matter jurisdiction. The Court dismissed the First Amended Complaint on May 13, 2025, again with leave to amend, because Plaintiff had not cured the jurisdictional deficiencies identified in the Court's April 24, 2025 Order. In addition to the negligence and breach of contract claims Plaintiff previously alleged, the 2nd AC adds a claim for violations of the Americans with Disabilities Act ("ADA"), in an apparent effort to state a claim over which the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3508 PA (KSx) | Date | June 20, 2025 |
|---|---|---|---|
| Title | Tony Nguyen v. Chubb Insurance Corporation, et al. | | |

    Although the ADA is a federal law over which the Court ordinarily possesses federal question jurisdiction, the 2nd AC's addition of an ADA claim does not appear to create subject matter jurisdiction in this instance. Specifically, Plaintiff is attempting to state an ADA claim arising out of an automobile accident occurring in Vietnam, but Title III of the ADA, which generally applies to public transportation and places of public accommodation, does not apply extraterritorially for events occurring outside of the United States. See Loving v. Princess Cruise Lines, Ltd., Case No. CV 08-2898 JFW (AJWx), 2009 WL 7236419, at *7 (C.D. Cal. Mar. 5, 2009) ("Title III of the ADA does not contain any express provisions extending its application to extraterritorial activities."); see also Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 142, 125 S. Ct. 2169, 2184, 162 L. Ed. 2d 97 (2005) (applying Title III of the ADA to "foreign ships in United States waters to the same extent that it is applicable to American ships in those waters"). The conclusion that the ADA does not apply to a vehicle accident occurring in Vietnam is consistent with the "longstanding principle of American law 'that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States.'" EEOC v. Arabian American Oil Co., 499 U.S. 244, 248, 111 S. Ct. 1227, 1230, 113 L. Ed. 2d 274 (1991) (quoting Foley Bros., Inc. v. Filardo, 336 U.S. 281, 285, 69 S. Ct. 573, 577, 93 L. Ed. 680 (1991); Blazevska v. Raytheon Aircraft Co., 522 F.3d 948, 952 (9th Cir. 2008) ("Under [the presumption against extraterritoriality], a law passed by Congress is generally assumed to apply only to regulate conduct occurring within the boundaries of the United States.").

    Because Title III of the ADA does not apply extraterritorially to an automobile accident occurring in Vietnam, the 2nd AC's ADA claim appears to be frivolous, wholly insubstantial, and made solely in an attempt to establish a basis for the Court's federal question jurisdiction. The Ninth Circuit has explained that "'[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946).'" Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting Sun Valley Gas., Inc. v. Ernst Enters., 711 F.2d 138, 140 (9th Cir.1983)). "In Bell, the Supreme Court determined that jurisdictional dismissals are warranted 'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'" Id. (quoting Bell, 27 U.S. at 682-83, 66 S. Ct. at 776, 90 L. Ed. 939). "A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service." Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1378-79, 39 L. Ed. 2d 577) (1974)). In determining whether a claim is "wholly insubstantial and frivolous," the Ninth Circuit has observed that courts use "the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3508 PA (KSx) | | Date | June 20, 2025 |
|---|---|---|---|---|
| Title | Tony Nguyen v. Chubb Insurance Corporation, et al. | | | |

test as that for dismissal to state a claim." Franklin v. State of Oregon, 662 F.2d 1337, 1342-43 (9th Cir. 1981).

The 2nd AC, like the First Amended Complaint before it, also appears to attempt to allege that the Court possesses subject matter jurisdiction pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

To properly allege the Court's diversity jurisdiction, a plaintiff must affirmatively allege the actual citizenship of the relevant parties; a mere statement that the parties are citizens of different states is insufficient. See Bautista v. Pan Am. World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987); see also Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1148 n.3 (9th Cir. 1998) ("[W]e deem it the better practice that [diversity jurisdiction] allegations be supported by prima facie proof."). Here, the 2nd AC fails to sufficiently allege the citizenship of any of the parties for jurisdictional purposes. Specifically, Plaintiff alleges that he "currently resided [sic] in United of [sic] States of America in Multi States for his Government/Military Legal Businesses with mainly residence in Los Angeles area that belonged Jurisdiction of Central California District. Therefore he is a Citizen of South California belonged jurisdiction of Central California District." Even if this is an allegation that Plaintiff is domiciled in California and is a citizen of California, Plaintiff has not adequately alleged the citizenship of any defendant. Plaintiff alleges that GRAB LLC "is an American Company with multiple branches were [sic] operating in the World. GRAB Company got the headquarter office in Chubb Insurance Building in New Jersey Area . . . ." Plaintiff alleges "GRAB Holding in Singapore" and that GRAB Holdings in Singapore is one of the brand name of GRAB Company Headquarter in New Jersey. Plaintiff alleges that Chubb Insurance Corporation "is an American Insurance Company which building headquarter located at New Jersey State . . . ." According to the Amended Complaint, defendant Le Van Suong was the taxi driver in Vietnam, and "he/his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3508 PA (KSx) | | Date | June 20, 2025 |
|---|---|---|---|---|
| Title | Tony Nguyen v. Chubb Insurance Corporation, et al. | | | |

family are US Green Card Holders and residents of US in Texas area" and that he is "an out of State Citizen of the United States, [n]ot a California citizen."

Plaintiff has not, at a minimum, sufficiently alleged the citizenship of GRAB LLC, GRAB Holdings Singapore, Chubb Insurance Corporation, and Le Van Suong.  First, although Plaintiff appears to have attempted to allege that GRAB LLC, GRAB Holdings Singapore, and Chubb Insurance Corporation have their principal places of business in New Jersey, Plaintiff has not alleged the states of incorporation of GRAB Holdings Singapore and Chubb Insurance Corporation, and has therefore not sufficiently alleged their citizenship.  Additionally, because GRAB LLC is apparently a limited liability company, its citizenship is the citizenship of each of its members, so alleging where its headquarters is located is not sufficient.  Plaintiff has not identified each of GRAB LLC's members or their citizenship.  Finally, although Plaintiff may have alleged that Le Van Suong "resides" in Texas, and is not a California citizen, because an individual is not necessarily domiciled where he or she resides, Plaintiff has not affirmatively alleged the citizenship of Le Van Suong.  These are the same defects the Court identified in the First Amended Complaint.  Plaintiff made no effort to allege any additional facts in the 2nd AC to adequately allege the citizenship of the parties despite the Court having twice given him an opportunity to do so.  Accordingly, the 2nd AC, like the First Amended Complaint and the original Complaint, does not satisfactorily allege the citizenship of the parties or that Plaintiff is diverse from each defendant.

Plaintiff's Response to the Order to Show Cause repeats the same allegations and argument contained in the 2nd AC and makes no effort to cure the defects the Court has identified when dismissing the original Complaint, dismissing the First Amended Complaint, and in the May 30, 2025 Order to Show Cause.  Despite having been provided with three opportunities to satisfactorily allege a basis for the Court's subject matter jurisdiction, Plaintiff appears unwilling or unable to do sufficiently allege the Court's diversity jurisdiction.  Plaintiff's new effort to assert an ADA claim for an automobile accident occurring in Vietnam appears to be a patently frivolous attempt to state a federal claim solely for the purpose of establishing the Court's subject matter jurisdiction.  Plaintiff's Response to the Order to Show Cause provides no basis for the Court to apply the ADA to a traffic accident occurring in Vietnam.  Instead, the wholly insubstantial and frivolous ADA claim does not allow the Court to exercise federal question jurisdiction over this action.  Nor does the Response to the Order to Show Cause or 2nd AC satisfactorily allege a basis for the Court to exercise its diversity jurisdiction.

The Court has expressly warned Plaintiff that the failure to adequately allege a basis for the Court's subject matter jurisdiction when it dismissed the original Complaint and First Amended Complaint, and again when it issued the Order to Show Cause.  Despite these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3508 PA (KSx) | Date | June 20, 2025 |
|---|---|---|---|
| Title | Tony Nguyen v. Chubb Insurance Corporation, et al. | | |

warnings and multiple opportunities to cure the jurisdictional allegations, Plaintiff has not done so. The Court therefore concludes that further leave to amend is futile and dismisses the 2nd AC for lack of subject matter jurisdiction without leave to amend. Because the Court lacks subject matter jurisdiction over this action, the Court dismisses the action without prejudice. As it has said before, Plaintiff may wish to consider filing this action in a state court of competent jurisdiction, since unlike the federal courts, the state courts are courts of general jurisdiction and Plaintiff need not establish the citizenship of the parties or another basis for a state court's subject matter jurisdiction. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.